BRIAN KAMEDULA
Name
1200 PRISON ROAD

LOVELOCK, NEVADA 89419

24627
Prison Number

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

BRIAN KAMEDULA                    )
               Plaintiff,  )
                     )
   vs.                        )    CASE NO._____
                     )        (To be supplied by the Clerk)
IAN CARR, PAMELA FEIL,            )
                     )
TARA CARPENTER, WILLIAM           )    **CIVIL RIGHTS COMPLAINT**
                     )    **PURSUANT TO**
SANDIE, VALAREE OLIVAS, AGT       )    **42 U.S.C. § 1983**
                     )
BAUTISTA (SEE ADDITIONAL          )    JURY TRIAL DEMANDED
                     )
PAGES FOR OTHER DEFENDANTS),      )
           Defendant(s).  )

## A. JURISDICTION

1)    This complaint alleges that the civil rights of Plaintiff, BRIAN KAMEDULA
                                            (Print Plaintiff's name)

who presently resides at 1200 Prison Road Lovelock, NV 89419, were

violated by the actions of the below named individuals which were directed against

Plaintiff at Lcc./Lovelock, NEVADA on the following dates
             (institution/city where violation occurred)

   4/9/17        9/25/17   , and   10/3/17
   (Count I)        (Count II)         (Count III)

   9/25/17   , AND   5/9/17
   (COUNT IV)        (COUNT V)

LCC LL FORM 36.022

Revised 10-7-16

1.

## ADDITIONAL DEFENDANTS.

HAROLD WICKHAM

RENEE BAKER

SGT. COLLIER

C/O FILORIO

DWAYNE BAZE

J. FERRO

RAY EAST

NATE WAKE

DAVID CARPENTER

TIM GARRETT

STEPHEN CLARK

AARON HARROUN

JAMES DZURENDA

ROBERT LEGRAND

ELDON K. McDANIEL

QUINTIN BYRNE

K. THOMAS

BRIAN SANDOVAL

ADAM LAXALT

BARBARA CEGAVSKE

DOES 1-10 (NDOC PRISON STAFF)

DOES 11-20 (LCC STAFF)

2.

**Make a copy of this page to provide the below**
**information if you are naming more than five (5) defendants**

2) Defendant _IAN CARR_
WORKS / resides at _100 N. CARSON STREET_
_CARSON CITY, NEVADA 89701_
(full name of first defendant)          (address if first defendant)
and is employed as _DEPUTY ATTORNEY GENERAL (DAG)_. This defendant is sued in his/~~her~~
(defendant's position and title, if any)
✓ individual  ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _AS A STATE DAG THIS PERSON ACTED OUTSIDE HIS OFFICIAL DUTIES_
_TO RETALIATE AGAINST PLAINTIFF BY PROMOTING FALSE DISCIPLINARY CHARGES._

3) Defendant _HAROLD WICKHAM_
WORKS / resides at _5500 SNYDER AVE._
_CARSON CITY, NEVADA 89701_
(full name of first defendant)          (address if first defendant)
and is employed as _DEPUTY DIRECTOR, NDOC_. This defendant is sued in his/~~her~~
(defendant's position and title, if any)
✓ individual  ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _THIS PERSON IS RESPONSIBLE FOR UPHOLDING LAWS, REGULATIONS,_
_AND POLICIES THAT AFFECT GRIEVANCES AND DISCIPLINARY MATTERS OF INMATES._

4) Defendant _RENEE BAKER_
WORKS / resides at _1200 PRISON ROAD /LCC_
_LOVELOCK, NEVADA 89419_
(full name of first defendant)          (address if first defendant)
and is employed as _WARDEN OF LCC_. This defendant is sued in ~~his~~/her
(defendant's position and title, if any)
✓ individual  ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _AS WARDEN, BAKER IS RESPONSIBLE FOR UPHOLDING LAWS,_
_POLICIES, REGULATIONS; FOR RESPONSES TO GRIEVANCES /DISCIPLINARY APPEALS._
_THIS PERSON FAILED TO ACT REASONABLY IN HER DUTIES._

5) Defendant _WILLIAM SANDIE_
WORKED / resides at _1200 PRISON ROAD /LCC_
_LOVELOCK, NEVADA 89419_
(full name of first defendant)          (address if first defendant)
and is employed as _ASSOCIATE WARDEN OF LCC_. This defendant is sued in his/~~her~~
(defendant's position and title, if any)
✓ individual  ✓ official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _AS AN AW, OPERATION IS RESPONSIBLE FOR UPHOLDING LAWS,_
_REGULATIONS, POLICIES AND DID ADVOCATE FALSE DISCIPLINARY CHARGES IN_
_COLLUSION WITH OTHER AUTHORITIES FOR PUNISHMENT._

1

<u>**Additional Defendant's**</u>

2

6) Defendant, <u>COLLIER</u>, ~~resides~~ WORKS at <u>1200 PRISON ROAD / LCC</u>
<u>LOVELOCK, NEVADA 89419</u>,

3
          (full name of def.)                         (address of def.)

4

and is employed as <u>C/O SGT.</u>. This defendant is sued
            (def. position and title, if any)

5

in his/~~her~~ ✓individual ✓official capacity (check one or both).

6

    Explain how this defendant was acting under color of law:

7

<u>AS A SGT. COLLIER HAD A DUTY TO UPHOLD LAWS, REGULATIONS AND POLICIES, THAT AS A</u>

8

<u>DISCIPLINARY HEARING OFFICER, USED FALSE CHARGES IN COLLUSION WITH</u>
<u>OTHERS TO RETALIATE AND PUNISH.</u>

9

7) Defendant, <u>FILORIO</u>, ~~resides~~ WORKED at <u>1200 PRISON ROAD / LCC</u>
<u>LOVELOCK, NEVADA 89419</u>,
          (full name of def.)                         (address of def.)

10

and is employed as <u>CORRECTIONAL OFFICER</u>. This defendant is sued

11
            (def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

12

13

    Explain how this defendant was acting under color of law:

14

<u>RESPONSIBLE FOR COMPLYING WITH LAWS, REGULATIONS AND POLICIES,</u>

<u>FILORIO CONDUCTED CELL SEARCH FOR UNLAWFUL PURPOSE.</u>

15

8) Defendant, <u>BAUTISTA</u>, ~~resides~~ WORKS at <u>1200 PRISON ROAD / LCC</u>
<u>LOVELOCK, NEVADA 89419</u>,

16
          (full name of def.)                         (address of def.)

17

and is employed as <u>ATTORNEY GENERAL INVESTIGATOR</u>. This defendant is sued
            (def. position and title, if any)

18

in his/~~her~~ ✓individual ✓official capacity (check one or both).

19

    Explain how this defendant was acting under color of law:

20

<u>BAUTISTA, AS AN AGI ABUSED HIS AUTHORITY TO PROMOTE FALSE DISCIPLINARY</u>

21

<u>CHARGES WITH DAG IAN CARR, TO COLLUDE AND RETALIATE TO PUNISH INMATES.</u>

22

9) Defendant, <u>DWAYNE BAZE</u>, ~~resides~~ WORKS at <u>1200 PRISON ROAD / LCC</u>
<u>LOVELOCK, NEVADA 89419</u>,
          (full name of def.)                         (address of def.)

23

and is employed as <u>CCS III</u>. This defendant is sued

24
            (def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

25

    Explain how this defendant was acting under color of law:

26

<u>FAILED TO ENSURE INMATES RIGHTS ARE FAIR AND EQUAL TREATMENT IN</u>

27

<u>RESPONDING TO GRIEVANCES.</u>

28

LCC LL FORM 36.002

## Additional Defendant's

10) Defendant, J. FERRO , works / resides at 1200 PRISON ROAD / LCC
LOVELOCK, NEVADA 89419 ,
(full name of def.)                              (address of def.)

and is employed as CCS CASEWORKER AT LCC . This defendant is sued
(def. position and title, if any)

in his/her ✓individual ✓official capacity (check one or both).

   Explain how this defendant was acting under color of law:

RESPONSIBLE FOR ENSURING ALL INMATES ARE FAIRLY TREATED. AS A DISCIPLINARY
HEARING OFFICER, USED FALSE CHARGES IN COLLUSION WITH OTHERS TO
RETALIATE AND PUNISH.

11) Defendant, PAMELA FEIL , worked / resides at 1200 PRISON ROAD / LCC
LOVELOCK, NEVADA 89419 ,
(full name of def.)                              (address of def.)

and is employed as LAW LIBRARY SUPERVISOR . This defendant is sued
(def. position and title, if any)

in his/her ✓individual ✓official capacity (check one or both).

   Explain how this defendant was acting under color of law:

IS RESPONSIBLE FOR ENSURING INMATES HAVE ACCESS TO THE COURTS. FEIL RETAL-
IATED AGAINST PLAINTIFF WHEN HE THREATENED TO FILE GRIEVANCE FOR
HINDERING, IMPEDING AND FRUSTRATING HIS ACCESS TO THE COURTS.

12) Defendant, RAY EAST , works / resides at 1200 PRISON ROAD / LCC
LOVELOCK, NEVADA 89419 ,
(full name of def.)                              (address of def.)

and is employed as CCS CASEWORKER AT LCC . This defendant is sued
(def. position and title, if any)

in his/her ✓individual ✓official capacity (check one or both).

   Explain how this defendant was acting under color of law:

AS A CASEWORKER, EAST IS RESPONSIBLE FOR RESPONDING TO GRIEVANCES AND IS RESPONSIBLE
FOR ENSURING INMATES ARE TREATED FAIRLY AND EQUALLY WITH ACCESS TO THE
COURT, FAILED TO ACT REASONABLY.

13) Defendant, NATE WAKE , works / resides at 1200 PRISON ROAD / LCC
LOVELOCK, NEVADA 89419 ,
(full name of def.)                              (address of def.)

and is employed as CORRECTIONAL OFFICER . This defendant is sued
(def. position and title, if any)

in his/her ✓individual ✓official capacity (check one or both).

   Explain how this defendant was acting under color of law:

RESPONSIBLE FOR COMPLYING WITH LAWS, REGULATIONS, POLICIES AND

ALL INMATES ARE TREATED FAIR AND EQUAL UNDER THE LAW.

LCC LL FORM 36.002

5.

## Additional Defendant's

14) Defendant, _TARA CARPENTER_, ~~resides~~ WORKS at _1200 PRISON ROAD / LCC_
_LOVELOCK, NEVADA 89419_,
(full name of def.)                                    (address of def.)

and is employed as _ASSOCIATE WARDEN OF LCC_. This defendant is sued
(def. position and title, if any)

in ~~his~~/her ✓individual ✓official capacity (check one or both).

    Explain how this defendant was acting under color of law:

_CARPENTER AS AN AWP IS RESPONSIBLE FOR GRIEVANCES, SCREENING AND PROCESSING. AS AN_
_AWP SHE IS RESPONSIBLE FOR UPHOLDING LAWS, REGULATIONS AND POLICIES_
_AFFECTING INMATES AND FAILED TO ACT REASONABLY._

15) Defendant, _DAVID CARPENTER_, ~~resides~~ WORKS at _1200 PRISON ROAD / LCC_
_LOVELOCK, NEVADA 89419_,
(full name of def.)                                    (address of def.)

and is employed as _LIEUTENANT AT LCC_. This defendant is sued
(def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

    Explain how this defendant was acting under color of law:

_AS A LIEUTENANT, HAS A DUTY TO UPHOLD LAWS, REGULATIONS AND POLICIES. THIS PERSON_
_COLLUDED WITH AWO TO PROMOTE FALSE CHARGES TO RETALIATE AND PUNISH INMATES_

16) Defendant, _VALAREE OLIVAS_, ~~resides~~ WORKED at _1200 PRISON ROAD / LCC_
_LOVELOCK, NEVADA 89419_,
(full name of def.)                                    (address of def.)

and is employed as _LIEUTENANT AT LCC_. This defendant is sued
(def. position and title, if any)

in ~~his~~/her ✓individual ✓official capacity (check one or both).

    Explain how this defendant was acting under color of law:

_HAS A DUTY TO INVESTIGATE AND AIDING DAG IAN CARR, TO ADVOCATE FALSE CHARGES TO_
_PUNISH INMATES IN RETALIATION FOR LEGAL ASSISTANCE. OLIVAS, HAS A DUTY TO_
_UPHOLD THE LAWS, POLICIES, REGULATIONS AND AS A LIEUTENANT CONSPIRED TO RETALIATE._

17) Defendant, _TIM GARRETT_, ~~resides~~ WORKS at _1200 PRISON ROAD / LCC_
_LOVELOCK, NEVADA 89419_,
(full name of def.)                                    (address of def.)

and is employed as _LCC SHIFT SERGEANT_. This defendant is sued
(def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

    Explain how this defendant was acting under color of law:

_AS A SERGEANT, GARRETT HAD A DUTY TO UPHOLD LAWS, REGULATIONS AND POLICIES_
_THAT AS A DISCIPLINARY OFFICER, USED FALSE CHARGES IN COLLUSION TO_
_RETALIATE AND PUNISH._

LCC LL FORM 36.002

## Additional Defendant's

18) Defendant, __STEPHEN CLARK__, ~~resides~~ WORKS at __1200 PRISON ROAD / LCC__
            (full name of def.)              __LOVELOCK, NEVADA 89419__,
                                                    (address of def.)

and is employed as __C/O LIEUTENANT AT LCC__. This defendant is sued
            (def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

     Explain how this defendant was acting under color of law:

HAS A DUTY TO UPHOLD LAWS, POLICIES, REGULATIONS, AND ENSURE ALL INMATES ARE

TREATED FAIRLY AND EQUAL UNDER THE LAW.

19) Defendant, __ARRON HARROUN__, ~~resides~~ WORKS at __1200 PRISON ROAD / LCC__
            (full name of def.)              __LOVELOCK, NEVADA 89419__,
                                                    (address of def.)

and is employed as __C/O SGT.__. This defendant is sued
            (def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

     Explain how this defendant was acting under color of law:

AS A SGT, HARROUN HAD A DUTY TO UPHOLD LAWS, REGULATIONS AND POLICIES THAT

AS A DISCIPLINARY OFFICER, USED FALSE CHARGES IN COLLUSION TO RETALIATE AND PUNISH.

20) Defendant, __JAMES DZURENDA__, ~~resides~~ WORKS at __5500 SNYDER AVE.__
            (full name of def.)              __CARSON CITY, NEVADA 89701__,
                                                    (address of def.)

and is employed as __DIRECTOR OF NDOC__. This defendant is sued
            (def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

     Explain how this defendant was acting under color of law:

AS A DIRECTOR, DZURENDA IS RESPONSIBLE FOR ALL POLICIES, RULES AND REGULATIONS;

AND THE ENFORCEMENT OF SAME INCLUDING ACTIONS OF SUBORDINATES.

21) Defendant, __ROBERT LEGRAND__, ~~resides~~ WORKED at __1200 PRISON ROAD / LCC__
            (full name of def.)              __LOVELOCK, NEVADA 89419__,
                                                    (address of def.)

and is employed as __WARDEN AT LCC__. This defendant is sued
            (def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

     Explain how this defendant was acting under color of law:

AS WARDEN ESTABLISHED A VAGUE REGULATION USED TO PUNISH PLAINTIFF

WITHOUT ADEQUATE NOTICE IN VIOLATION OF DUE PROCESS.

LCC LL FORM 36.002

## Additional Defendant's

22) Defendant, *ELDON K. MCDANIEL*, ~~resides~~ **WORKS** at *5500 SNYDER AVE*
(full name of def.)                    *CARSON CITY, NEVADA 89701*,
                                                    (address of def.)

and is employed as *DEPUTY DIRECTOR, NDOC*. This defendant is sued
                            (def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

   Explain how this defendant was acting under color of law:

*AS DEPUTY DIRECTOR ESTABLISHED A VAGUE REGULATION USED TO PUNISH PLAINTIFF*

*WITHOUT ADEQUATE NOTICE IN VIOLATION OF DUE PROCESS*

23) Defendant, *QUINTIN BYRNE*, ~~resides~~ **WORKS** at *5500 SNYDER AVE.*
(full name of def.)                    *CARSON CITY, NEVADA 89701*,
                                                    (address of def.)

and is employed as *ASSOCIATE WARDEN, LCC*. This defendant is sued
                            (def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

   Explain how this defendant was acting under color of law:

*AS AW ESTABLISHED A VAGUE REGULATION USED TO PUNISH PLAINTIFF*

*WITHOUT ADEQUATE NOTICE IN VIOLATION OF DUE PROCESS.*

24) Defendant, *K. THOMAS*, ~~resides~~ **WORKS** at *5500 SNYDER AVE*
(full name of def.)                    *CARSON CITY, NEVADA 89701*,
                                                    (address of def.)

and is employed as *DEPUTY DIRECTOR, NDOC*. This defendant is sued
                            (def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

   Explain how this defendant was acting under color of law:

*AS A DEPUTY DIRECTOR, THIS PERSON IS RESPONSIBLE FOR UPHOLDING LAWS, POLICIES AND*
*REGULATIONS; REVIEW GRIEVANCES AND TAKE CORRECTIVE ACTION WHICH*
*HE FAILED TO DO.*

25) Defendant, *BRIAN SANDOVAL*, ~~resides~~ **WORKS** at *101 N. CARSON ST. STE 1*
(full name of def.)                    *CARSON CITY, NEVADA 89701*,
                                                    (address of def.)

and is employed as *BOPC*. This defendant is sued
                            (def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

   Explain how this defendant was acting under color of law:

*APPROVED OF REGULATIONS USED TO PUNISH PLAINTIFF WITHOUT ADEQUATE*

*NOTICE IN VIOLATION OF DUE PROCESS RIGHTS.*

LCC LL FORM 36.002

8.

## Additional Defendant's

26) Defendant, _ADAM LAXALT_ ~~resides~~ WORKS at _100 N. CARSON STREET_
(full name of def.) _CARSON CITY, NEVADA 89419_, (address of def.)

and is employed as _BOPC_. This defendant is sued
(def. position and title, if any)

in his/~~her~~ ✓individual ✓official capacity (check one or both).

Explain how this defendant was acting under color of law:

_APPROVED OF REGULATIONS USED TO PUNISH PLAINTIFF WITHOUT ADEQUATE_

_NOTICE IN VIOLATION OF DUE PROCESS RIGHTS._

27) Defendant, _BARBARA CEGAUSKE_ ~~resides~~ WORKS at _101 N. CARSON ST. STE 3_
(full name of def.) _CARSON CITY, NEVADA 89701_, (address of def.)

and is employed as _BOPC_. This defendant is sued
(def. position and title, if any)

in ~~his~~/her ✓individual ✓official capacity (check one or both).

Explain how this defendant was acting under color of law:

_APPROVED OF REGULATIONS USED TO PUNISH PLAINTIFF WITHOUT ADEQUATE_

_NOTICE IN VIOLATION OF DUE PROCESS RIGHTS._

28) Defendant, _DOES 1-10_ ~~resides~~ WORKS at _5520 SNYDER AVE_
(full name of def.) _CARSON CITY, NEVADA 89701_, (address of def.)

and is employed as _NDOC PRISON STAFF_. This defendant is sued
(def. position and title, if any)

in his/her ✓individual ✓official capacity (check one or both).

Explain how this defendant was acting under color of law:

_THESE DEFENDANTS WERE NOTIFIED OF THE CIVIL RIGHTS VIOLATIONS AGAINST_

_PLAINTIFF AND FAILED TO ACT TO CORRECT THE VIOLATION'S._

_) Defendant,_____,resides at_____,
(full name of def.)                    (address of def.)

and is employed as_____. This defendant is sued
(def. position and title, if any)

in his/her __individual __official capacity (check one or both).

Explain how this defendant was acting under color of law:

_____

_____

LCC LL FORM 36.002

9.

29) Defendant _DOES 11-20_     WORKS ~~resides~~ at _1200 PRISON ROAD /LCC, LOVELOCK·, NEVADA 89419_ ,

            (full name of first defendant)                     (address if first defendant)

and is employed as _LCC STAFF_        . This defendant is sued in his/her

            (defendant's position and title, if any)

   ✓   individual   ✓   official capacity. (Check one or both). Explain how this defendant was acting

under color of law: _THESE PERSONS WERE CONTACTED BY CARR OR HIS STAFF TO RETALIATE AGAINST PLAINTIFF; OR COLLUDED WITH OTHERS TO VIOLATE PLAINTIFF'S CIVIL RIGHTS AS ALLEGED HEREIN._

7) Jurisdiction is invoked pursuant to 28 U.S.C. § 1343 (a)(3) and 42 U.S.C. § 1983. If you wish to assert jurisdiction under different or additional statutes, list them below.

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - -

## B. NATURE OF THE CASE

1)      Briefly state the background of your case.

    (_SEE PAGE 11._)

- - - - - - - - - - - - - - - - - - - - - - - - - - -

## C. CAUSE OF ACTION

_10._

## NATURE OF THE CASE

1. PLAINTIFF'S FIRST CAUSE OF ACTION IS FOR DEFENDANTS HAVING VIOLATED HIS FIRST AMENDMENT RIGHTS BY RETALIATING AGAINST HIM BY IMPOSING FALSE DISCIPLINARY CHARGES FOR EXERCISING HIS RIGHTS OF ACCESS TO THE COURTS;

2. PLAINTIFF'S SECOND CAUSE OF ACTION IS FOR DEFENDANTS HINDERING, IMPEDING, AND/OR FRUSTRATING PLAINTIFF'S ACCESS TO THE COURTS WHEN PLAINTIFF ATTEMPTED TO HAVE EXHIBITS COPIED FOR ATTACHMENT TO A GRIEVANCE AND FOR FILING DOCUMENTS IN HIS STATE CASE. WHEN PLAINTIFF COMPLAINED AND THREATENED TO FILE A GRIEVANCE FOR THE CONDUCT, DEFENDANT RETALIATED AGAINST HIM BY INCREASING HER EFFORTS TO HINDER, IMPEDE AND FRUSTRATE HIS EFFORTS IN FILING GRIEVANCES AND DOCUMENTS WITH THE COURT. DEFENDANT IMPOSED FALSE DISCIPLINARY CHARGES IN ORDER TO CHILL PLAINTIFF'S EFFORTS. LASTLY, DEFENDANTS HAVE ESTABLISHED A POLICY OF NOT COPYING NDOC DOCUMENTS WHICH ARE INTENDED TO BE EXHIBITS ATTACHED TO GRIEVANCES OR USED IN LITIGATION WHICH ONLY SERVES TO ADDITIONALLY IMPEDE, HINDER AND FRUSTRATE ATTEMPTS TO ADDRESS GRIEVANCES AND ACCESS TO THE COURTS.

3. PLAINTIFF'S THIRD CAUSE OF ACTION IS FOR ESTABLISHING REGULATIONS THAT VIOLATE PLAINTIFF'S DUE PROCESS RIGHTS BY FAILING TO PROVIDE ADEQUATE NOTICE OF THE REGULATION

ALLEGEDLY VIOLATED BEFORE SANCTIONING PLAINTIFF.

## COUNT I

DEFENDANTS RETALIATED AGAINST PLAINTIFF BY IMPOSING FALSE DISCIPLINARY CHARGES TO CHILL PLAINTIFF'S EXERCISE OF FIRST AMENDMENT RIGHTS TO THE U.S. CONSTITUTION. THE CHARGES WERE IMPOSED BECAUSE PLAINTIFF FILED DOCUMENTS OF PUBLIC RECORD IN HIS STATE CASE CAUSING EMBARR-ASSMENT TO IAN CARR.

## SUPPORTING FACTS:

1. DEFENDANTS CARR, ASSOCIATE WARDEN (AW) TARA CARPENTER, LT. VALAREE OLIVAS, CORRECTIONAL OFFICER (CO) FILORIO, AG INVESTIGATOR BAUTISTA, WARDEN RENEE BAKER, LT. DAVID CARPENTER, SGT. TIM GARRETT, AW WILLIAM SANDIE, CASEWORKER (CCS) DWAYNE BAZE, DEPUTY DIRECTOR HAROLD WICKHAM, CCS J. FERRO AND SGT. COLLIER VIOLATED PLAINTIFF'S FIRST AMENDMENT RIGHTS WHEN THEY ACTED COLLECTIVELY USING THEIR OFFICIAL POSITIONS TO BRING ABOUT FALSE DISCIPLINARY CHARGES AND/OR ACTIONS TO PUNISH PLAINTIFF AND INMATE JOSEPH ANDERSON NDOC # 62253 FOR ENGAGING IN PROTECTED FIRST AMENDMENT CONDUCT THAT SERVED NO LEGITIMATE GOAL OR PURPOSE AND TO CHILL ALL FUTURE LEGAL ASSISTANCE BY ISSUING A NOTICE OF CHARGES (NOC) AND REMOVING PLAINTIFF

FROM HIS PREFERRED HOUSING AND JOB BY LEVEL REDUCTION AND
BEING PLACED IN CONDITIONS OF PUNISHMENT/DENIAL OF PRIVILEGES.

2.   PLAINTIFF AT ALL TIMES RELEVANT HERETO, HAD/HAS A
CIVIL RIGHTS CASE PENDING AGAINST A NUMBER OF DEFENDANTS
EMPLOYED BY THE NDOC AND AT LCC IN THE ELEVENTH
JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, CASE NO.
PI 14-0801 (HEREINAFTER, "STATE CASE"). PLAINTIFF SERVED
CARR WITH A DECLARATION THAT WAS FILED IN THE STATE
CASE IMPEACHING CARR'S STATEMENTS MADE TO THE COURT.
THE DECLARATION INCLUDED TWO DOC-028 REPORTS WHICH
WERE PREVIOUSLY FILED BY THE AG'S OFFICE AS EXHIBITS
ATTACHED TO A MOTION FOR SUMMARY JUDGMENT IN U.S.
DISTRICT COURT CASE NO. 3:16-CV-00056. UPON FILING, THESE
DOCUMENTS BECAME A MATTER OF PUBLIC RECORD IN THE
FEDERAL CASE.

3.   PLAINTIFF'S DECLARATION CAUSED EMBARRASSMENT TO
CARR. PLAINTIFF DURING DISCOVERY IN THE STATE CASE
REQUESTED THE PRODUCTION OF DOC-028 REPORTS RELEVANT
TO THE STATE CASE. CARR AND T. CARPENTER CLAIMED THEY
DID NOT EXIST AND DIDN'T KNOW WHAT THEY WERE. THEN
WHEN CARR WAS SHOWN WHAT A DOC-028 REPORT WAS, HE
CLAIMED THEY WERE CONFIDENTIAL AND WERE NEVER TO BE
DISCLOSED TO INMATES UNDER ANY CIRCUMSTANCES.
PLAINTIFF'S FILING OF THE DOC-028 REPORTS WITH THE
COURT SHOWED THAT CARR AND T. CARPENTER'S REPRESENTATIONS

TO THE COURT WERE FALSE. IN ORDER TO GET EVEN WITH PLAINTIFF, CARR PROVIDED LCC STAFF WITH A COPY OF PLAINTIFF'S DECLARATION WITH THE EXHIBITS (THAT WERE A MATTER OF PUBLIC RECORD) ATTACHED THERETO.

4.    BASED ON INFORMATION OR BELIEF, ON OR ABOUT 4/27/17, ANDERSON WAS CALLED TO OPERATIONS AT LCC, WHERE UPON ARRIVAL HE MET WITH OLIVAS, WHO SHOWED ANDERSON A COPY OF PLAINTIFF'S DECLARATION WITH EXHIBITS ATTACHED THERETO. OLIVAS QUESTIONED HOW ANDERSON CAME INTO POSSESSION OF THE EXHIBITS. ANDERSON RESPONDED BY TELLING OLIVAS THEY WERE SERVED ON HIM BY THE AG ATTACHED TO A MOTION FOR SUMMARY JUDGMENT IN HIS FEDERAL CASE. ANDERSON HAS BEEN ALLOWED TO KEEP THE DOC-028 REPORTS IN HIS POSSESSION. ALSO, THERE IS NOTHING TO PREVENT ANDERSON FROM SHOWING OTHER INMATES THE CONTENTS OF THESE DOCUMENTS. IN FACT, INMATES CAN WRITE DOWN VERBATIM WHAT IS WRITTEN ON THE DOCUMENTS AND NOT BE CHARGED WITH AN NOC.

5.    ON 5/9/17, PLAINTIFF RETURNED TO HIS CELL TO FIND FILORIO AND BAUTISTA SEARCHING HIS CELL. BAUTISTA TOLD PLAINTIFF THAT THEY WERE SENT BY BAKER TO LOOK FOR DOC-028 REPORTS THAT PLAINTIFF MIGHT HAVE. PLAINTIFF SHOWED BAUTISTA AND FILORIO HIS FILE-STAMPED COPY OF THE DECLARATION AND HOW AT THE TOP OF EACH EXHIBIT IT SHOWED THE DOCUMENTS WERE FILED IN.

ANDERSON'S FEDERAL CASE AND THEREFORE DOCUMENTS OF PUBLIC RECORD. BAUTISTA TOOK PLAINTIFF'S DECLARATION TO SHOW TO BAKER AND SAID IT WOULD BE RETURNED LATER. LATER THAT DAY, D. CARPENTER HANDED PLAINTIFF BACK HIS DECLARATION MINUS THE EXHIBITS, ALONG WITH AN UNAUTHORIZED PROPERTY NOTIFICATION (UPN) (DOC-1517) FORM SHOWING THE DOC-028 REPORTS WERE CONFISCATED BY BAUTISTA.

6.   ON 5/17/17, GARRETT SERVED PLAINTIFF WITH A NOC. THE NOC SHOWED SANDIE WAS CHARGING PLAINTIFF WITH A "FAILURE TO FOLLOW RULES AND REGULATIONS" AND "POSSESSION OF CONTRABAND." SANDIE IS A DEFENDANT NAMED IN PLAINTIFF'S STATE CASE. THE NOC SHOWS THE DISCIPLINARY ACTION TAKEN WAS DIRECTLY RELATED TO THE DOCUMENTS OF PUBLIC RECORD PLAINTIFF FILED IN THE STATE COURT.

7.   AT THE INITIAL HEARING GARRETT DISMISSED THE CHARGE OF "FAILURE TO FOLLOW RULES AND REGULATIONS."

8.   DEFENDANTS IDENTIFIED IN PARAGRAPHS 1 THRU 7 SHOWS INDIVIDUAL CAPACITY LIABILITY FOR RETALIATING AGAINST PLAINTIFF FOR RECEIVING LEGAL ASSISTANCE FROM ANDERSON WITH HIS STATE CASE. ANDERSON ALSO RECEIVED A NOC (OIC #425492) FOR ASSISTING PLAINTIFF WITH HIS STATE CASE.

9.   ON 5/22/17, PLAINTIFF SUBMITTED A GRIEVANCE
(2006-30-48114) FOR RETALIATION AND VINDICTIVENESS FOR
ENGAGING IN PROTECTED CONDUCT.  T. CARPENTER STATED
(IN RELATION TO THE GRIEVANCE) THAT PLAINTIFF HAD PENDING
DISCIPLINARY CHARGES FOR THE INCIDENT AND THAT PLAINTIFF
COULD RAISE HIS ARGUMENTS AT THE DISCIPLINARY HEARING.
T. CARPENTER HAD NO INTEREST IN RESOLVING NOR
INVESTIGATING THE ISSUE.  BAZE, DENIED PLAINTIFF'S
GRIEVANCE ON 6/23/17.  PLAINTIFF APPEALED THE DENIAL
TO THE NEXT LEVEL WHICH BAKER DENIED ON 8/16/17.
PLAINTIFF THEN APPEALED TO THE FINAL LEVEL WHICH
WICKHAM DENIED ON 10/2/17.


10.   PLAINTIFF ALLEGES THAT T. CARPENTER, BAZE, BAKER,
AND WICKHAM ACTING IN THEIR OFFICIAL CAPACITIES
WHEN REVIEWING GRIEVANCES FAILED TO CORRECT THE
ACTIONS OF THE CHARGING EMPLOYEE SANDIE FROM
RETALIATING AGAINST PLAINTIFF.  THIS ACT OF
RETALIATION AND ABUSE OF AUTHORITY RESULTED WHEN
CARR NOTIFIED LCC PRISON STAFF THAT PLAINTIFF WAS
ASSISTED BY ANDERSON IN HIS LAWSUIT AGAINST
SANDIE AND OTHER DEFENDANTS PROVOKING SANDIE TO
GET EVEN AND CHARGE BOTH PLAINTIFF AND ANDERSON
WITH DISCIPLINARY ACTION IN RETALIATION FOR
EMBARRASSMENT WHEN PLAINTIFF FILED IMPEACHABLE
DOCUMENTS OF PUBLIC RECORD IN THE STATE ACTION.
"

11.  ON 6/14/2017, PLAINTIFF HAD A RECORDED DISCIPLINARY HEARING BEFORE D. CARPENTER (T. CARPENTER'S SPOUSE), FERRO AND COLLIER FOR THE NOC CHARGE OF "POSSESSION OF CONTRABAND". PLAINTIFF READ HIS ARGUMENTS INTO THE RECORD AS TO WHY THE DOCUMENTS IN HIS POSSESSION COULD NOT BE CONSIDERED CONTRABAND. PLAINTIFF WAS FOUND NOT GUILTY OF THE "POSSESSION OF CONTRABAND" CHARGE. HOWEVER, THE DEFENDANTS THEN REINSTATED THE "FAILURE TO FOLLOW RULES AND REGULATIONS" CHARGE AND ISSUED A FINDING OF GUILTY. PLAINTIFF WAS VERBALLY REPRIMANDED, AND THEN LEVEL REDUCED ON 6/16/17 losing HIS PREFERRED HOUSING, JOB ASSIGNMENT AND PRIVILEGES. THE EVIDENCE CLEARLY SHOWS THAT PLAINTIFF DID NOT VIOLATE ANY REGULATION. (SEE, COUNT 5, INFRA).

12.  PLAINTIFF APPEALED THE GUILTY FINDING WITH THE FILING OF A FIRST LEVEL GRIEVANCE (2006-30-49661) ON 6/20/17. BAKER, RESPONDED TO PLAINTIFF'S DISCIPLINARY APPEAL ON 7/26/17, UPHOLDING THE DISCIPLINARY COMMITTEE'S GUILTY FINDING. PLAINTIFF APPEALED BAKER'S FINDING TO WICKHAM WHO ALSO DENIED PLAINTIFF'S DISCIPLINARY APPEAL.

13.  DEFENDANTS IDENTIFIED IN PARAGRAPHS 9 THRU 12 SHOWS INDIVIDUAL CAPACITY LIABILITY CLAIMS AS THESE DEFENDANTS ACTED TO UPHOLD FALSE DISCIPLINARY CHARGES TO PUNISH PLAINTIFF FOR ENGAGING IN PROTECTED

FIRST AMENDMENT CONDUCT.

14.   DEFENDANT CARR'S ACTS OF RETALIATION AGAINST PLAINTIFF OUT OF VINDICTIVENESS AND EMBARRASSMENT FALLS OUTSIDE THE SCOPE OF HIS EMPLOYMENT AS DEPUTY ATTORNEY GENERAL, HIS ACTIONS SERVED NO PENOLOGICAL GOAL OR OBJECTIVE AND CHILLED PLAINTIFF'S ATTEMPTS TO ACQUIRE ASSISTANCE FROM OTHER INMATES WITH HIS STATE CASE. CARR'S ACTIONS SHOW HE IS LIABLE IN HIS INDIVIDUAL CAPACITY.

15.   THE ACTION OF DEFENDANTS IDENTIFIED IN PARAGRAPHS 1 THRU 14 ABOVE WERE NOT DONE TO ADVANCE ANY LEGITIMATE CORRECTIONAL GOAL OR PENOLOGICAL INTEREST, BUT TO CHILL PLAINTIFF'S ABILITY TO EXERCISE HIS FIRST AMENDMENT RIGHTS OF ACCESS TO THE COURTS. PLAINTIFF MUST NOW QUESTION EACH AND EVERY EXHIBIT HE SUBMITS TO THE COURTS TO DETERMINE WHETHER OR NOT HE WILL RECEIVE AN NOC FOR PROVIDING THE COURT WITH PROOF OF HIS CLAIMS.

//
//
//
//
//
//

## COUNT 2

DEFENDANT PAMELA FEIL IMPEDED, FRUSTRATED, AND/OR
HINDERED PLAINTIFF'S ACCESS TO THE COURTS IN VIOLATION
OF HIS FIRST AMENDMENT RIGHTS OF ACCESS TO THE
COURTS AND REDRESS OF GRIEVANCES. WHEN PLAINTIFF
THREATENED TO FILE A GRIEVANCE AGAINST FEIL FOR
HER ACTIONS, SHE RETALIATED AGAINST PLAINTIFF BY
(1) FURTHER ACTS OF IMPEDING ACCESS TO THE COURTS;
AND, (2) BY RETALIATING AGAINST PLAINTIFF BY
IMPOSING FALSE DISCIPLINARY CHARGES.

### SUPPORTING FACTS:

1. IN ORDER FOR INMATES TO OBTAIN LEGAL COPIES,
INMATES MUST SUBMIT A COPYWORK REQUEST TO THE
LAW LIBRARY WITH A "BRASS SLIP" ATTACHED FOR PAYMENT.

2. ON 9/25/17, PLAINTIFF SUBMITTED TWO COPYWORK
REQUESTS TO THE LCC LAW LIBRARY TO COPY EXHIBITS TO
BE FILED IN HIS STATE CASE AND IN A GRIEVANCE. THEY
WERE DENIED BY FEIL, STATING PLAINTIFF HAD EXCEEDED
HIS COPYWORK LIMIT. PLAINTIFF TOOK FEIL HIS
INMATE ACCOUNT STATEMENT SHOWING HE HAD ENOUGH
MONEY TO COVER THE COSTS OF THE LEGAL COPYWORK
IN HIS INMATE ACCOUNT, AND A COPY OF A COURT
TRANSCRIPT SHOWING THE JUDGE ORDERED AN

19.

INCREASE OF THE COPYWORK LIMIT. DESPITE BEING SHOWN THE INMATE ACCOUNT STATEMENT AND THAT JUDGE'S ORDER FEIL DIRECTED PLAINTIFF TO SEE HIS CASEWORKER, RAY EAST.

3.   WHILE PLAINTIFF WAS TALKING WITH EAST, EAST RECEIVED A CALL FROM FEIL. PLAINTIFF HEARD EAST STATE TO FEIL THAT HE HAD READ THE TRANSCRIPT AND THERE WAS A $150.00 COPYWORK LIMIT AUTHORIZED BY THE JUDGE. EAST ALSO STATED, I DON'T UNDER— STAND WHY YOU DON'T JUST SUBMIT IT AND LET INMATE BANKING DENY OR APPROVE THE REQUEST. IT'S NOT YOUR (FEIL'S) JOB TO DENY HIS REQUEST IT'S INMATE BANKING'S. EAST WAS UNSUCCESSFUL.

4.   PLAINTIFF SENT FEIL A PRINT REQUEST (PR) DATED 9/26/17 THAT HE HAD A $150.00 COPYWORK LIMIT BY ORDER OF THE COURT AND $50.18 IN HIS INMATE TRUST 2 ACCOUNT. PLAINTIFF SUBMITTED COPYWORK REQUESTS AND BRASS SLIPS. FEIL STATED, "W/O PROOF I CAN'T MAKE COPIES AS YOU ARE OVER YOUR $100.00 LIMIT," AND AGAIN DENIED THE COPYWORK REQUESTS.

5.   ON 9/27/17, PLAINTIFF SUBMITTED ANOTHER (PR) TO FEIL WITH COPYWORK REQUEST AND BRASS SLIPS. PLAINTIFF SUMMARIZED WHAT HAPPENED THE DAY BEFORE AND TOLD FEIL IF NEED BE, SHE SHOULD

CONTACT CARR AND/OR T. CARPENTER AS THEY KNEW OF
THE $150.00 COPYWORK LIMIT. PLAINTIFF ALSO TOLD FEIL IF
SHE CANNOT RESOLVE THIS ISSUE WITH INMATE BANKING,
EAST, T. CARPENTER, AND CARR HE WOULD HAVE NO
CHOICE BUT TO FILE A GRIEVANCE FOR DENYING/DELAYING
HIS LITIGATION.

6. AFTER PLAINTIFF TOLD FEIL HE WOULD HAVE TO
FILE A GRIEVANCE, FEIL CALLED PLAINTIFF IN HIS UNIT
(CO NATE WAKE MONITORED THE CALL). FEIL SAID WITHOUT
PROOF SHE COULDN'T DO ANYTHING. PLAINTIFF TOLD
FEIL HE SHOWED HER PROOF THE DAY BEFORE. FEIL
TOLD PLAINTIFF TO BRING IT TO THE LAW LIBRARY
DURING UNIT DOOR CALL. FEIL HAD INMATE TODD
BEVERLY, NDOC# 79982, COPY THE TRANSCRIPT
SHOWING JUDGE JIM C. SHIRLEY ORDERED THE
COPYWORK LIMIT INCREASED TO $150.00.

7. ON 9/28/17, PLAINTIFF'S COPYWORK REQUESTS WERE
RETURNED TO PLAINTIFF DENIED. FEIL CLAIMED
PLAINTIFF DID NOT ATTACH A BRASS SLIP. PLAIN-
TIFF ONCE AGAIN SUBMITTED THE COPYWORK
REQUESTS WITH BRASS SLIPS FOR PROCESSING.
PLAINTIFF FINALLY RECEIVED HIS COPYWORK ON
9/29/17.
"
"

21.

8.   ON 10/3/17, PLAINTIFF SUBMITTED VIA COPYWORK REQUEST AND BRASS SLIP EXHIBITS TO BE ATTACHED TO A GRIEVANCE AS PROOF OF COSTS INCURRED BY PLAINTIFF. AFTER FEIL REVIEWED PLAINTIFF'S EXHIBITS, SHE DENIED THE REQUEST STATING "ATTEMPTING TO ALTER NDOC FORM" THEREBY IMPARING PLAINTIFF'S RIGHT TO REDRESS OF GRIEVANCES. PLAINTIFF RESUBMITTED THE EXHIBITS FOR COPYING AGAIN ON 10/5/17. AGAIN FEIL DENIED THE COPYWORK REQUEST STATING "NOT A NEW CASE - NEED GRIEVANCE # OR SOMETHING." PLAINTIFF HAD INDICATED ON THE COPYWORK REQUEST THAT IT WAS FOR NEW LITIGATION AND NO CASE NUMBER WAS REQUIRED. PLAINTIFF THEN SENT A KITE TO FEIL ASKING HER TO EXPLAIN HER REASONS FOR DENYING PLAINTIFF'S COPYWORK REQUESTS AND ADVISED FEIL THAT HE WAS TRYING TO FILE A GRIEVANCE WITHIN THE TIME FRAME OF AR 740. PLAINTIFF SUBMITTED ANOTHER COPYWORK REQUEST ON 10/9/17 IN AN ATTEMPT TO COPY THE EXHIBITS ONCE AGAIN. THIS TIME FEIL CLAIMED THE PAGE NUMBERS TO BE COPIED WERE INCORRECT. EVENTUALLY PLAINTIFF WAS ABLE TO GET SOME OF HIS EXHIBITS COPIED (BRASS SLIPS) ON 10/10/17. FEIL REFUSED TO APPROVE PLAINTIFF'S OTHER EXHIBITS (CARBON COPIES OF COPYWORK REQUESTS PREVIOUSLY SUBMITTED FOR COPYING). THE POLICY OF NOT COPYING NDOC FORMS IMPEDES, HINDERS AND FRUSTRATES INMATES ABILITY TO COLLECT EVIDENCE

FOR REDRESS OF GRIEVANCES AND POTENTIAL FUTURE LITIGATION. THE NDOC CLAIMS SUCH DOCUMENTS (COPYWORK REQUESTS, AND PRINT REQUESTS) ARE PROPERTY OF THE STATE AND COPIES CANNOT BE HAD UNLESS REQUESTED IN LITIGATION BY DISCOVERY OR A COURT ORDER. FURTHER, CARBON COPIES OF SUCH DOCUMENTS WILL NOT BE COPIED IN ORDER TO PREVENT INMATES FROM COLLECTING EVIDENCE OF WRONG DOING. THIS POLICY PREVENTED PLAINTIFF FROM OFFERING PROOF OF COSTS ASSOCIATED WITH THE FILING OF HIS GRIEVANCE NO. 2006-30-55884 WHICH WAS ULTIMATELY REJECTED. THIS POLICY DOES NOT ADVANCE ANY INSTITUTIONAL GOAL OR ANY PENOLOGICAL INTEREST.

9. FEIL TOOK ADVERSE ACTION AGAINST PLAINTIFF FOR THREATENING TO FILE A GRIEVANCE AGAINST HER AS SHOWN IN PARAGRAPHS 1 THRU 8 ABOVE. FEIL RETALIATED BY IMPEDING, HINDERING, AND/OR FRUSTRATING PLAINTIFF'S ATTEMPTS OF ACCESS OF THE COURTS AND FILING OF GRIEVANCES. FEIL'S ADVERSE ACTIONS SERVED NO LEGITIMATE PENOLOGICAL INTEREST AND WERE DONE TO CHILL PLAINTIFF'S EXERCISE OF HIS FIRST AMENDMENT RIGHTS. FURTHER, FEIL (NOT BEING AN ATTORNEY) IS UNQUALIFIED TO DETERMINE THE LEGAL SUFFICIENCY OF DOCUMENTS ULTIMATELY BOUND FOR FILING WITH THE COURTS.

10.   FEIL'S ACTIONS SHOW SHE IS LIABLE IN HER INDIVIDUAL CAPACITY.

11.   DEFENDANTS BRIAN SANDOVAL, ADAM LAVALT, BARBARA CEGAVSKE (COLLECTIVELY BOPC), JAMES DZURENDA, ELDON K. MCDANIEL, K. THOMAS, QUINTIN BYRNE, HAROLD WICKHAM, AND RENEE BAKER ARE RESPONSIBLE FOR ESTABLISHING A POLICY OF NOT ALLOWING INMATES TO OBTAIN COPIES OF EXHIBITS (NDOC DOCUMENTS) WHICH CAN BE USED AGAINST THEM DURING THE GRIEVANCE PROCESS AND LITIGATION.

12.   THE ACTIONS OF DEFENDANTS IDENTIFIED IN PARAGRAPHS 1 THRU 11 OF THIS COUNT WERE NOT DONE TO FURTHER ANY PENOLOGICAL INTEREST. DEFENDANTS ACTIONS WERE DESIGNED TO CHILL PLAINTIFF'S EFFORTS TO REDRESS OF GRIEVANCES AND LITIGATION THROUGH THE COURTS. PLAINTIFF MUST NOW QUESTION EVERY DOCUMENT HE SUBMITS TO BE COPIED AS TO WHETHER OR NOT THE LAW LIBRARY SUPERVISOR WILL REVIEW THE DOCUMENTS HE INTENDS TO ATTACH AS EXHIBITS TO GRIEVANCES AND COURT PLEADINGS AND MAKE A DETERMINATION AS TO THEIR SUFFICIENCY UNDER THE STATE AND FEDERAL RULES OF EVIDENCE.
//
//

24.

## COUNT 3

DEFENDANT FEIL RETALIATED AGAINST PLAINTIFF FOR THREATENING TO FILE A GRIEVANCE FOR IMPEDING, FRUSTRATING, AND/OR HINDERING ACCESS TO THE COURTS BY FILING FALSE DISCIPLINARY CHARGES AGAINST PLAINTIFF (TWICE). THE OTHER DEFENDANTS KNEW OF FEIL'S ACTIONS AND TOOK NO ACTION TO CORRECT THE CONDUCT.

### SUPPORTING FACTS:

1. DEFENDANT FEIL TOOK UNWARRANTED RETALIATORY ACTION BY FILING FALSE DISCIPLINARY CHARGES AGAINST PLAINTIFF AFTER REVIEWING DOCUMENTS PLAINTIFF WAS TO SUBMIT AS EVIDENCE IN CONNECTION WITH THE FILING OF GRIEVANCES IN SUPPORT OF CLAIMS IN HIS STATE CASE. GARRETT, WAKE, LT. STEPHEN CLARK, OLIVAS, EAST, CARR AND SGT. AARON HARROUN WERE AWARE OF FEIL'S CONDUCT THROUGH DISCIPLINARY PROCEEDINGS AND GRIEVANCES AND TOOK NO ACTION TO CORRECT THE UNCONSTITUTIONAL CONDUCT.

2. ON 10/3/17, PLAINTIFF IN ORDER TO PROVE COSTS, SUBMITTED CARBON COPIES OF COPYWORK REQUESTS AND BRASS SLIPS WHICH WERE TO BE ATTACHED AS

EXHIBITS TO A GRIEVANCE. FEIL RETALIATED AGAINST PLAINTIFF (FOR THREATENING TO FILE A GRIEVANCE AGAINST HER) (SEE, COUNT 2, ABOVE) BY REVIEWING EXHIBITS, DENYING PLAINTIFF'S COPYWORK REQUEST AND DETERMINING THAT PLAINTIFF WAS "ATTEMPTING TO ALTER DOC FORM" THEREBY ABRIDGING AND IMPAIRING PLAINTIFF'S ABILITY TO ATTACH EXHIBITS TO A GRIEVANCE.

3.   ON 10/4/17 FEIL RETALIATED AGAINST PLAINTIFF (FOR THREATENING TO FILE A GRIEVANCE AGAINST HER) BY FILING A FALSE DISCIPLINARY CHARGE FOR "COUNTERFEITING". (SEE, COUNT 2, PARAGRAPH 5 ABOVE). PLAINTIFF WAS SERVED WITH THE NOC ON 10/11/17 BY GARRETT. IN THE NOC, FEIL STATED THAT PLAINTIFF "WAS ATTEMPTING TO ALTER THE CONSTRUCTION AND FUNCTION OF THE ORIGINAL DOC 3064." CLARK FOUND THAT PLAINTIFF DID "NOT APPEAR TO HAVE TRIED TO CHANGE ANY DOC FORMS", AND DISMISSED THE CHARGE.

4.   ON 11/6/17, PLAINTIFF SUBMITTED 428 PAGES OF EXHIBITS TO SUPPORT HIS STATEMENT OF UNDISPUTED FACTS IN HIS STATE CASE TO THE LAW LIBRARY FOR COPYING. NORMALLY COPYWORK IS PROCESSED THE SAME DAY AND RETURNED TO THE INMATE THE FOLLOWING DAY. WHEN PLAINTIFF STILL HAD NOT

RECEIVED HIS COPYWORK TWO DAYS LATER, HE SENT A PR
TO FEIL, ASKING FEIL TO INFORM HIM OF THE STATUS
AND WHEN WILL HE RECEIVE HIS COPYWORK.

5.   ON 11/9/17, PLAINTIFF'S DOCUMENTS WERE
RETURNED TO HIM THROUGH THE UNIT LAW CLERK,
WRIGHT. THE DOCUMENTS WERE ALTERED FROM THE
WAY THEY WERE PROVIDED FOR COPYING, AND ONE
DOCUMENT WAS MISSING. THE REQUEST FOR COPYING
WAS DENIED BY FEIL, STATING "ALTERING PAPERWORK".
UPON RECEIPT OF PLAINTIFF'S DOCUMENTS, PLAINTIFF
IMMEDIATELY WENT TO WAKE COMPLAINING ABOUT
THE WAY HIS LEGAL DOCUMENTS WERE RETURNED TO
HIM. WAKE ALLOWED PLAINTIFF TO REMAIN ON
THE TIER WHILE HE CALLED TO SEE IF HE COULD
FIND A STAFF MEMBER TO VERIFY PLAINTIFF'S
COMPLAINTS OF HOW THE DOCUMENTS WERE RETURNED
ALTERED, DAMAGED, MIXED UP AND OUT OF ORDER,
AND ONE DOCUMENT WAS MISSING. NO ONE COULD
BE FOUND.

6.   AT 8:00 AM. PLAINTIFF WENT TO OPERATIONS
WITH THE 428 PAGES OF EXHIBITS. PLAINTIFF
MET WITH CLARK TO ADDRESS THE ISSUES WITH
HIS COPY WORK. PLAINTIFF ALSO ADVISED CLARK
THAT HE HAS BEEN HAVING ISSUES WITH FEIL SINCE
9/27/17 AND EXPLAINED TO CLARK ALL THE PROBLEMS

HE WAS HAVING WITH FEIL, CLARK THEN LEFT FOR
ABOUT 5 MINUTES AND UPON HIS RETURN, HE STATED
THAT HE HAD DISCUSSED PLAINTIFF'S ISSUES WITH
OLIVAS, WHO ADVISED CLARK THAT SHE HAD SPENT
THREE HOURS WITH FEIL VIDEO-RECORDING WHAT
FEIL DID TO PLAINTIFF'S DOCUMENTS. PLAINTIFF TOLD
CLARK THAT OLIVAS AND FEIL WERE RETALIATING
AGAINST HIM. PLAINTIFF ASKED CLARK TO ALLOW
HIM TO SPEAK WITH T. CARPENTER, BUT CLARK
REFUSED. PLAINTIFF WENT TO EAST TO SHOW WHAT
WAS DONE TO HIS DOCUMENTS, BUT EAST IGNORED
PLAINTIFF'S COPYWORK ISSUES. AT APPROXIMATELY
10:40 A.M., PLAINTIFF WAS TOLD BY WAKE TO GO SEE
CLARK. PLAINTIFF TOOK HIS DOCUMENTS AGAIN
WITH HIM TO SEE CLARK. PLAINTIFF SHOWED
CLARK WHY HE KNEW A DOCUMENT WAS MISSING
AND HOW THE DOCUMENTS WERE PRESENTED AND
THEN DAMAGED BY FEIL. CLARK DISMISSED
PLAINTIFF WITH THE UNDERSTANDING THAT HE
WOULD GET BACK TO PLAINTIFF AT A LATER TIME,
WHICH HE FAILED TO DO.

7.   PLAINTIFF SENT A LETTER TO CARR ON 11/13/17
ADDRESSING FEIL'S REFUSAL TO COPY PLAINTIFF'S
EXHIBITS. PLAINTIFF ALSO SUBMITTED A KITE TO FEIL
STATING THAT SHE HAD DENIED THE COPING OF THE
428 DOCUMENTS, AND ASKING "HOW DO I GO ABOUT

GETTING THESE DOCUMENTS COPIED AND MAILED OUT."
PLAINTIFF ALSO PROVIDED A COPY OF THE LETTER HE
SENT TO CARR DATED 11/13/17. LASTLY, PLAINTIFF
ASKED FEIL NOT TO DESTORY ANY OF THE COPIES
THAT WERE MADE, OR ANY RECORDINGS OF HER
ACTIONS OR ANYONE ELSE'S ACTIONS RELATING TO
THE 11/6/17 COPYWORK REQUEST, AS IT WOULD BE
SUBPOENAED IN FUTURE LITIGATION. FEIL DID
NOT EXPLAIN HOW PLAINTIFF WAS TO OBTAIN
LEGAL COPIES, BUT SIMPLY RESPONDED BY STATING,
"NOTED."

8.   ON 11/17/17, HARROUN SERVED PLAINTIFF WITH A NOC,
WRITTEN BY FEIL ON 11/8/17, CHARGING PLAINTIFF WITH
"COUNTERFEITING ... APPROXIMATELY 20 PAGES" OF THE 428
DOCUMENTS SUBMITTED FOR COPYING." ON 12/15/17 A
DISCIPLINARY HEARING WAS HELD BEFORE THE
DISCIPLINARY COMMITTEE. CLARK, CCS POTTER, AND CO
LIMA, DETERMINED THERE WAS NO VIOLATION.
THE CHARGES WERE DISMISSED.

9.   THE EXHIBITS WERE ULTIMATELY COPIED AND
FILED ON 8/23/18 (9 MONTHS LATER) WITH THE 11TH
JUDICIAL DISTRICT COURT, CASE NO. PI 14-0801, TITLED
" PLAINTIFF'S INDEX OF EXHIBITS" WHICH CAN BE VIEWED ON
THE INTERNET AT WWW.ndocmaltreatment.epizy.com.
NONE OF THE COPYWORK REQUESTS RESUBMITTING THE

428 PAGES WERE REJECTED FOR COUNTERFEITING THE SECOND TIME AROUND.

10. DEFENDANTS EAST, CLARK, WAKE, OLIVAS, GARRETT, HARROUN AND CARR ARE BEING SUED IN THEIR INDIVIDUAL CAPACITIES. THESE DEFENDANTS WERE NOTIFIED OF FEIL'S RETALIATORY CONDUCT DURING DISCIPLINARY PROCEEDING AND VIA LETTER TO CARR. THESE DEFENDANTS TURNED A BLIND EYE AND FAILED TO TAKE CORRECTIVE ACTION WHEN THEY REALIZED PLAINTIFF'S CIVIL RIGHTS WERE BEING VIOLATED.

11. DEFENDANTS CCS J. FERRO, T. CARPENTER, BAKER AND K. THOMAS ACTING IN THEIR CAPACITIES WHEN REVIEWING GRIEVANCES FAILED TO CORRECT THE ACTIONS OF FEIL FROM RETALIATING AGAINST PLAINTIFF.

12. THE ACTIONS OF THE DEFENDANTS IDENTIFIED IN PARAGRAPHS 1 THRU 11 OF THIS COUNT WERE NOT DONE TO ADVANCE ANY PENOLOGICAL PURPOSE. DEFENDANTS ACTIONS WERE DONE TO CHILL PLAINTIFF'S EFFORTS OF ACCESS TO THE COURTS BY FILING OF GRIEVANCES AND EXHIBITS TO BE USED AGAINST PRISON STAFF IN THE STATE CASE.

"
"
"

## COUNT 4

DEFENDANTS ACTIONS AS DESCRIBED IN COUNTS 2 AND 3, CUMMULATIVELY, SHOW FEIL RETALIATED AGAINST PLAINTIFF FOR THREATENING TO FILE A GRIEVANCE.

SUPPORTING FACTS:

1. PLAINTIFF INCORPORATES EACH AND EVERY ALLEGATION IN COUNTS 2 AND 3 ABOVE, INTO THE INSTANT COUNT AS THOUGH FULLY SET FORTH HEREIN.

2. ON 12/17/17, PLAINTIFF SENT A KITE TO OLIVAS ATTEMPTING TO GET THE MISSING DOCUMENT FEIL AND OLIVAS FAILED TO RETURN WITH 428 PAGES SUBMITTED FOR COPYING. RATHER THAN INVESTIGATING PLAINTIFF'S CLAIM, OR ATTEMPTING TO REPLACE THE DOCUMENT THROUGH CARR AS PLAINTIFF ATTEMPTED TO DO, OLIVAS RESPONDED BY SAYING "THERE ARE NO MISSING DOCUMENTS." SINCE CARR ALSO REFUSED TO REPLACE THE LOST DOCUMENT, PLAINTIFF HAD TO PROCEED FORWARD WITHOUT THE DOCUMENT.

3. AS A RESULT OF FEIL'S RETALIATION BY THE FILING OF FALSE DISCIPLINARY CHARGES, PLAINTIFF'S ELIGIBILITY TO MOVE FROM LEVEL 2 TO LEVEL 1 WAS DELAYED THEREBY PUNISHING PLAINTIFF AND DEPRIVING

PLAINTIFF OF PRIVILEGES AND PREFERRED HOUSING THAT COMES WITH BEING A LEVEL 1 INMATE.

4. ON 2/19/18, PLAINTIFF SUBMITTED A GRIEVANCE (2006-30-61501) AGAINST FEIL FOR FILING FALSE DISCIPLINARY CHARGES AND FOR DELAYING, IMPEDING, HINDERING, DENYING, AND/OR FRUSTRATING PLAINTIFF'S ATTEMPTS TO LITIGATE HIS STATE CASE AND THE FILING OF GRIEVANCES.

5. DEFENDANT FEIL IS BEING SUED IN HER INDIVIDUAL CAPACITY FOR HER CUMMULATIVE RETALIATORY ACTS AS ALLEGED IN PLAINTIFF'S SECOND CAUSE OF ACTION, AND COUNTS 2 AND 3 COMBINED.

6. DEFENDANTS CARR, EAST, WAKE, FERRO, T. CARPENTER, BAKER, AND K. THOMAS WERE NOTIFIED THAT FEIL WAS RETALIATING AGAINST PLAINTIFF IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS EITHER VERBALLY, IN WRITING, OR THROUGH THE GRIEVANCE PROCESS AND FAILED TO REMEDY THE WRONG.

7. DEFENDANTS HARROUN AND GARRETT WERE NOTIFIED THAT FEIL WAS RETALIATING AGAINST PLAINTIFF IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS THROUGH THE DISCIPLINARY PROCESS AND FAILED TO REMEDY THE WRONG WHEN THE CHARGES AGAINST

PLAINTIFF WERE DISMISSED AFTER A DISCIPLINARY HEARING.

8.   THE ACTIONS OF EACH DEFENDANT IDENTIFIED IN COUNTS 2, 3, AND THE INSTANT COUNT WERE NOT DONE TO ADVANCE ANY PENOLOGICAL INTEREST, BUT TO CHILL PLAINTIFF'S ABILITY TO REDRESS OF GRIEVANCES AND ACCESS TO THE COURTS.

## COUNT 5

DEFENDANTS VIOLATED PLAINTIFF'S FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS BY FAILING TO PROVIDE FAIR NOTICE OF A RULE BEFORE SANCTIONING PLAINTIFF.

SUPPORTING FACTS:

1.   DEFENDANTS BRIAN SANDOVAL, ADAM LAXALT, BARBARA CEGAVSKE (COLLECTIVELY BOPC), DZURENDA, BYRNE, MCDANIEL, LEGRAND, WICKHAM, BAKER, SANDIE, T.CARPENTER, D. CARPENTER, GARRETT, COLLIER, AND FERRO VIOLATED PLAINTIFF'S RIGHTS BY ESTABLISHING/ENFORCING A RULE WHICH FAILED TO PROVIDE PLAINTIFF WITH ADEQUATE NOTICE BEFORE BEING SANCTIONED IN VIOLATION OF DUE PROCESS. AS ALLEGED IN COUNT 1 ABOVE, DEFENDANTS RETALIATED AGAINST PLAINTIFF BY FILING FALSE DISCIPLINARY CHARGES TO CHILL PLAINTIFF'S

EXERCISING OF HIS FIRST AMENDMENT RIGHTS, THE
DISCIPLINARY CHARGES BROUGHT AGAINST PLAINTIFF
VIOLATED PLAINTIFF'S DUE PROCESS RIGHTS BY FAILING TO
PROVIDE ADEQUATE NOTICE OF THE REGULATION ALLEGEDLY
VIOLATED BEFORE SANCTIONING PLAINTIFF.

2. ON 1/6/17, PLAINTIFF GRANTED PERMISSION FOR
ANDERSON TO BE IN POSSESSION OF HIS LEGAL WORK
WHILE ANDERSON WAS ASSISTING HIM WITH HIS STATE
CASE, (EXHIBIT 1). ON 2/10/17 CARR SENT A LETTER TO
PLAINTIFF STATING THAT THE DOC-028 REPORTS PLAINTIFF
WAS SEEKING IN HIS STATE CASE THROUGH DISCOVERY
"ARE NOT FOR INMATE DISCLOSURE UNDER ANY CIRCUMSTANCE."
ON 4/9/17 ANDERSON GAVE PERMISSION TO PLAINTIFF TO
HAVE POSSESSION OF HIS LEGAL WORK WHILE PLAINTIFF
WAS ASSISTING HIM WITH HIS FEDERAL CASE (EXH. 2).
WHILE PLAINTIFF WAS ASSISTING ANDERSON HE NOTICED
TWO DOC-028 REPORTS WHICH THE AG ATTACHED AS
EXHIBITS TO A MOTION FOR SUMMARY JUDGMENT IN
ANDERSON'S FEDERAL CASE. WITH ANDERSON PERMISSION,
PLAINTIFF ATTACHED THE COPIES OF THE DOC-028 REPORTS
TO HIS DECLARATION AND FILED IT IN THE STATE CASE
TO SHOW SUCH REPORTS COULD BE DISCLOSED.

3. PLAINTIFF INCORPORATES INTO THIS COUNT EACH OF
THE ALLEGATIONS ASSERTED IN COUNT 1 ABOVE AS
THOUGH FULLY SET FORTH HEREIN.

34.

4.   DEFENDANTS McDANIEL, LEGRAND, BAKER, SANDIE, BYRNE AND T. CARPENTER ESTABLISHED LCC's PRISON OPERATIONAL PROCEDURE (OP) 722. OP 722.07 STATES IN PERTINET PART:

"1, INMATES MAY ASSIST EACH OTHER IN THE PREPARATION OF LEGAL DOCUMENTS..."

2. LEGAL OPINIONS, BOOKS, PAPERS AND FORMS USED BY ONE INMATE TO ASSIST ANOTHER MAY BE IN POSSESSION OF THE INMATE GIVING ASSISTANCE, WITH WRITTEN PERMISSION OF THE OWNER VIA FORM 34.007. A COPY MUST BE PROVIDED TO THE LAW LIBRARY SUPERVISOR." (EXHIBIT 1, AT 4).

5.   BOTH PLAINTIFF AND ANDERSON GAVE EACH OTHER PERMISSION TO BE IN POSSESSION OF EACH OTHER'S LEGAL WORK. PLAINTIFF GRANTED ANDERSON PERMISSION ON 1/6/17; AND ANDERSON GRANTED PLAINTIFF PERMISSION ON 4/9/17 USING FORM 34.007. (EXH. 1 & 2, RESPECTIVELY).

6.   OP 722 INDICATES THAT A COPY OF THE WRITTEN PERMISSION MUST BE PROVIDED TO THE LAW LIBRARY SUPERVISOR. HOWEVER, NEITHER THE REGULATION NOR THE FORM INDICATE WHEN THE COPY IS TO BE PROVIDED. THE FORM SHOWS THAT IT IS TO BE FILLED OUT AND THEN EACH INMATE IS TO SIGN THE FORM. THE LAST PART OF THE FORM TO BE FILLED OUT PROVIDES FOR THE SIGNATURE OF THE INMATE (WHO GRANTED PERMISSION) ONCE HIS CASE

MATERIALS ARE RETURNED TO HIM. THE VERY LAST THING ON THE DOCUMENT STATES "** PER OP 722 A COPY MUST BE PROVIDED TO THE LAW LIBRARY SUPERVISOR." (SEE, EXH. 142).

7. PLAINTIFF AND ANDERSON INTERPRETED THE REGULATION AND THE STATEMENT ON THE FORM TO MEAN ONCE THE FORM WAS COMPLETED. THE BASIS FOR THIS INTERPRETATION IS THAT THE DIRECTIVE OF PROVIDING A COPY TO THE LAW LIBRARY SUPERVISOR DOES NOT APPEAR AFTER THE SIGNATURES GRANTING PERMISSION TO BE IN POSSESSION, BUT RATHER AFTER THE SIGNATURE SHOWING THE RETURNING OF THE CASE FILES. HENCE IT WAS PLAINTIFF'S BELIEF THAT A COPY WAS TO BE PROVIDED ONCE THE FORM WAS COMPLETED AND ALL SIGNATURES HAD BEEN OBTAINED.

8. DEFENDANTS MCDANIEL, LEGRAND, BAKER, BYRNE, SANDIE, AND T. CARPENTER ESTABLISHED A RULE THAT IS VAGUE AS APPLIED BY NOT GIVING ADEQUATE NOTICE THAT IT PROHIBITS THE CONDUCT WITH WHICH PLAINTIFF WAS CHARGED. FURTHER, OP 722 FRUSTRATES INMATES ABILITY TO ASSIST EACH OTHER IN THE PREPARATION OF THEIR LEGAL DOCUMENTS AND THE FIRST AMENDMENT RIGHTS TO ACCESS TO THE COURTS WHICH SERVES NO PENOLOGICAL INTEREST.

9. DEFENDANTS SANDIE, GARRETT, D. CARPENTER, FERRO

AND COLLIER VIOLATED DUE PROCESS BY SANCTIONING PLAINTIFF WITHOUT PROVIDING HIM FAIR NOTICE OF A RULE THAT HIS CONDUCT WAS PROHIBITED.

10. DEFENDANTS SANDOVAL, LAXALT, CEGAVSKE AND DZURENDA ESTABLISHED AR 707. AR 707 STATES IT IS A VIOLATION FOR INMATES TO BE IN "POSSESSION OF CONTRABAND". CONTRABAND IS DEFINED IN THE AR's AS:
> "ANY ITEM OR ARTICLE OF PROPERTY THAT POSES A SERIOUS THREAT TO THE SECURITY OF AN INSTITUTION AND ORDINARILY NEVER APPROVED FOR POSSESSION OR ADMISSION INTO THE INSTITUTION"; AND, "ANY ITEM OR ARTICLE NOT AUTHORIZED BY DEPARTMENT REGULATION".

11. PLAINTIFF WAS CHARGED FOR BEING IN POSSESSION OF CONTRABAND. HOWEVER, THE FACT THAT ANDERSON HAS BEEN ALLOWED TO POSSESS THESE DOCUMENTS SHOWS THEY CANNOT BE CONSIDERED A THREAT TO THE SECURITY OF THE INSTITUTION OR AN ITEM NOT AUTHORIZED BY DEPARTMENT REGULATIONS. FURTHER, THIS RULE CANNOT BE APPLIED TO LEGAL PAPERS WHICH PLAINTIFF IS AUTHORIZED TO BE IN POSSESSION OF.

12. DEFENDANTS SANDIE, GARRETT, D. CARPENTER, COLLIER, FERRO, T. CARPENTER, BAKER, AND WICKHAM VIOLATED DUE PROCESS BY SANCTIONING PLAINTIFF WITHOUT PROVIDING

HIM FAIR NOTICE OF A RULE THAT HIS CONDUCT WAS PROHIBITED.

13. DEFENDANTS CLAIMED THE DOCUMENTS PLAINTIFF
HAD IN HIS POSSESSION WERE CONFIDENTIAL, YET THEY
HAVE BEEN FILED WITH THE COURT AND MADE A MATTER
OF PUBLIC RECORD FOR THE ENTIRE NATION TO SEE.
THEY WERE NOT FILED IN-CAMERA SO AS TO
MAINTAIN CONFIDENTIALITY.

14. DEFENDANTS ALSO CLAIM THE DOCUMENTS ARE THE
PROPERTY OF THE STATE. DEFENDANTS ARE APPLYING
THIS CLAIM ONLY TO PLAINTIFF. COURTS IN NEVADA
ROUTINELY PROVIDE INMATES WITH FILE-STAMPED COPIES
OF DOCUMENTS CONTAINING EXHIBITS ORIGINATING
FROM THE N.D.O.C. DEFENDANTS HAVE NOT CONFISCATED
THOSE DOCUMENTS, IN RESPONSE TO DISCOVERY THE
STATE ROUTINELY OBJECTS TO PROVIDING DOCUMENTS
THAT CAN BE OBTAINED THROUGH THE COURTS AS A
MATTER OF PUBLIC RECORD. IT IS CLEAR THAT
DEFENDANTS HAVE SINGLED OUT PLAINTIFF BASED ON
RETALIATION AND VINDICTIVENESS FOR EXERCISING
HIS RIGHTS OF ACCESS TO THE COURTS AND NOT FOR ANY
RELATIVE PENOLOGICAL INTEREST.

15. DEFENDANTS FAILED TO PROVIDE PLAINTIFF WITH
FAIR AND ADEQUATE NOTICE THAT HE COULD BE CHARGED
FOR THE CONDUCT WHICH HE WAS ENGAGED IN AND HAVE

DONE SO SOLELY FOR THE PURPOSE OF RETALIATING AGAINST PLAINTIFF.

16.   DEFENDANTS SANDOVAL, LAXALT, CEGAVSKE AND OZURENDA ARE BEING SUED IN THIS COUNT IN THEIR OFFICIAL CAPACITIES AS THEY APPROVED THE REGULATIONS AS THE BOPC.  THE REMAINING DEFENDANTS IDENTIFIED IN THIS COUNT ARE BEING SUED IN THEIR INDIVIDUAL CAPACITIES AS THEIR ACTIONS SERVED NO PENOLOGICAL PURPOSE OTHER THAN TO CHILL PLAINTIFF'S EFFORTS TO REDRESS OF GRIEVANCES.

## COUNT III

The following civil rights has been violated: _____

_____

_____

      Supporting Facts: [Include all fact you consider important.  State the facts clearly,
in your own words, and without citing legal authority or argument.  Be sure you
describe exactly what each specific defendant (by name) did to violate your rights].

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## D. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF

1)     Have you filed other actions in state or federal courts involving the same or similar facts
as involved in this action?  ✓ Yes ____ No.  If your answer is "Yes", describe each
lawsuit.  (If more than one, describe the others on an additional page following the below

outline).

a)   Defendants: _SANDIE, LEGRAND, SANDOVAL_____

b)   Name of court and docket number: _11TH JUD. DIST. CT.; PI 14-0901__

c)   Disposition (for example, was the case dismissed , appealed or is it still pending?):
     _PENDING_____

d)   Issues raised: _CIVIL RIGHTS CLAIMS FOR MEDICAL, PROPERTY_
     _AND RETALIATION._____

     _____

e)   Approximate date it was filed: _1/14/14_____

f)   Approximate date of disposition: _PENDING_____

2)   Have you filed an action in federal court that was dismissed because it was determined to
     be frivolous, malicious, or failed to state a claim upon which relief could be granted?
     ____ Yes   _✓_ No.  If your answer is "Yes", describe each lawsuit.  (If you had more than
     three actions dismissed based on the above reasons, describe the others on an additional page
     following the below outline.)
     Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:

a)   Defendants: _____.

b)   Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous
     ____ malicious or ____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

     _____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

     Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:

a)   Defendants: _____.

b)   Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

_____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:

a)   Defendants: _____.

b)   Name of court and case number: _____.

c)   The case was dismissed because it was found to be (check one): _____ frivolous _____ malicious or _____ failed to state a claim upon which relief could be granted.

d)   Issues raised: _____

_____

e)   Approximate date it was filed: _____

f)   Approximate date of disposition: _____

3)   Have you attempted to resolve the dispute stated in this action by seeking relief from the proper administrative officials, e.g., have you exhausted available administrative grievance procedures? ✓ Yes _____ No. If your answer is "No", did you not attempt administrative relief because the dispute involved the validity of a: (1) _____ disciplinary hearing; (2) _____ state or federal court decision; (3) _____ state or federal law or regulation; (4) _____ parole board decision; or (5) _____ other _____.

If your answer is "Yes", provide the following information. Grievance Number _____.
2006-30-48114; 2006-30-49661; AND, 2006-30-61501
Date and institution where grievance was filed _____.
2006-30-48114 FILED ON 5/22/17 AT LCC
2006-30-49661 FILED ON 6/15/17 AT LCC
2006-30-61501 FILED ON 2/19/18 AT LCC
Response to grievance: ALL WERE DENIED.

_____

_____

42.

_____

_____

- - - - - - - - - - - - - - - - - - - -

### E. REQUEST FOR RELIEF

I believe that I am entitled to the following relief:

1. *MONETARY DAMAGES IN THE AMOUNT OF ONE MILLION DOLLAR;*

2. *DECLARATORY JUDGMENT THAT AR 707 AND OP 722 ARE VAGUE AND DO NOT*
*PROVIDE FAIR NOTICE IN VIOLATION OF PLAINTIFF'S RIGHTS TO DUE PROCESS;*

3. *DECLARATORY JUDGMENT THAT THE POLICY OF EXCLUDING NDOC DOCUMENTS*
*FROM LEGAL PHOTOCOPYING SERVES NO PENOLOGICAL INTEREST;*

4. *PRELIMINARY AND PERMANANT INJUNCTIVE RELIEF ENJOINING DEFENDANTS*
*FROM FURTHER RETALIATORY ACTS, TO INCLUDE BUT NOT LIMITED TO FALSE*
*(CONTINUED BELOW)*

I understand that a false statement or answer to any question in this complaint will subject me to penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.** See 28 U.S.C. § 1746 and 18 U.S.C. § 1621.

_____          *Brian Kamedula*
(Name of Person who prepared or helped          (Signature of Plaintiff)
prepare this complaint if not Plaintiff)

                                        *NOVEMBER 14, 2018*
                                        (Date)

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

(Additional space if needed; identify what is being continued)

*DISCIPLINARY CHARGES, INSTITUTIONAL TRANSFER, LEVEL REDUCTIONS, LOSS OF*
*PREFERRED HOUSING, HARRASSMENT, ETC., ETC.;*
5. *ANY OTHER RELIEF THE TRIER OF FACT DEEM JUST AND REASONABLE.*

# EXHIBIT  |

#001

LCC :

# EXHIBIT  |

## AUTHORIZATION FOR LEGAL ASSISTANCE BY INMATES

### In accordance to AR 722.04 "INMATE ACCESS TO THE JUDICIAL SYSTEM"

I, Inmate _BRIAN KAMEDULA_ # _24627_, authorize inmate
_JOESPH ANDERSON_ # _62253_, to have my legal work in his possession to assist me with litigating my case.

AR 722.04.8      Inmates may assist each other in the preparation of legal documents and may act as counsel substitutes under departmental policies.
A. Inmates **may not** receive compensation for legal assistance at any time.

AR 722.04.9      Legal opinions, books, papers, and forms used by one inmate to assist another be in possession of the inmate giving assistance, **with the written permission of the owner.**

AR 722.04.10      When an inmate other than an inmate library assistant is helping another inmate, all papers must be returned when either inmate is released; when either inmate is transferred to another institution; or when administrative action such as placement in disciplinary segregation prevents direct communication between the two inmates. The only exception is if the inmates are active co-defendants or co-plaintiffs on a current case being litigated.

The following case material
_KAMEDULA v. HULTONSCHMIDT et al., PI 14-0801 TO INCLUDE ANY AND ALL DOCUMENTS, EXHIBITS, OR PAPERS RELATING TO THE CASE_

were given to inmate _ANDERSON, J_ # _62253_, on this _6TH_ day of _JANUARY_, 20_17_, for the purpose of him assisting me with my case. Inmate _ANDERSON, J_ # _62253_, currently lives in Unit_6A_ Cell#_196_and does/(does not)work in the law library as an assistant.

_Brian Kamedula_ # _24627_ Dated _JANUARY 6TH, 2017_
inmate's signature giving permission

_Joseph M. Anderson_ # _62253_
inmate's signature in possession of legal work

I received my case material back on this _17TH_ day of _MAY_, 20_17_.
_Brian Kamedula_ # _24627_
Signature verifying return of case material

Cc: Law Library Supervisor

### ** PER OP 722 A COPY MUST BE PROVIDED TO THE LAW LIBRARY SUPERVISOR

LJC: LL FORM 34.007

# EXHIBIT 2

# EXHIBIT 2

#001

LCC

## AUTHORIZATION FOR LEGAL ASSISTANCE BY INMATES

In accordance to AR 722.04 "INMATE ACCESS TO THE JUDICIAL SYSTEM"

I, Inmate _Anderson, Joseph M_ # _62253_____, authorize Inmate
_Brian Kamedula_____ # _24627_____, to have my legal work in his possession to assist me with litigating my case.

AR 722.04.8      Inmates may assist each other in the preparation of legal documents and may act as counsel substitutes under departmental policies.
     A. Inmates **may not** receive compensation for legal assistance at any time.

AR 722.04.9      Legal opinions, books, papers, and forms used by one inmate to assist another be in possession of the inmate giving assistance, **with the written permission of the owner.**

AR 722.04.10      When an inmate other than an inmate library assistant is helping another inmate, all papers must be returned when either inmate is released; when either inmate is transferred to another institution; or when administrative action such as placement in disciplinary segregation prevents direct communication between the two inmates. The only exception is if the inmates are active co-defendants or co-plaintiffs on a current case being litigated.

The following case material
_Any and all documents, pleadings, Discovery, and other Papers relating_
_To my Case 3:16-cv-00056-RCJ-WGC_
_Anderson v. State of Nevada_

were given to Inmate _Kamedula_____ # _24627_ on this _9th_ day of _April_____, 20_17_, for the purpose of him assisting me with my case. Inmate _Kamedula_____ # _24627_, currently lives in Unit _6A_ Cell# _3A_ and **does/does not** work in the law library as an assistant.

_[signature]_ # _62253_ Dated _April 9, 2017_
Inmate's signature giving permission

_Brian Kamedula_ # _24627_
Inmate's signature in possession of legal work

I received my case material back on this _17_ day of _May_____, 20_17_.

_[signature]_ # _62253_
Signature verifying return of case material

Cc: Law Library Supervisor

**RECEIVED**

**MAY 1 8 2017**

**LCC LAW LIBRARY**

LCC11 FORM 34.007

## ** PER OP 722 A COPY MUST BE PROVIDED TO THE LAW LIBRARY SUPERVISOR

orig:
cc:
cc: