AARON D. FORD
  Attorney General
PETER E. DUNKLEY, Bar No. 11110
  Deputy Attorney General
State of Nevada
Public Safety Division
100 N. Carson Street
Carson City, NV 89701-4717
Tel: (775) 684-1259
E-mail: pdunkley@ag.nv.gov

*Attorneys for Defendants
Renee Baker, Dwayne Baze, David Carpenter,
Ian Carr, Stephen Clark, Daniel Collier, Ray East
Pamela Feil, Joseph Ferro, Tim Garrett, Valaree Olivas,
William Sandie, Nathan Wake, and Harold Wickham*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN KAMEDULA,<br><br>    Plaintiff,<br><br>vs.<br><br>IAN CARR, et al.,<br><br>    Defendants. | Case No. 3:18-cv-00544-MMD-CLB<br><br>**DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTIONS TO COMPEL (ECF Nos. 57, 58)**<br>**(First Request)** |

Defendants, Renee Baker, Dwayne Baze, David Carpenter, Ian Carr, Stephen Clark, Daniel Collier, Ray East, Pamela Feil, Joseph Ferro, Tim Garrett, Valaree Olivas, William Sandie, Nathan Wake, and Harold Wickham, by and through counsel, Aaron D. Ford, Attorney General of the State of Nevada, and Peter E. Dunkley, Deputy Attorney General, hereby request a 16- and 14-day extensions, respectively, until August 28, 2020, to respond to Plaintiff's Motions to Compel (ECF Nos. 57, 58).

### MEMORANDUM OF POINTS AND AUTHORITIES

**I. BACKGROUND AND FACTS**

Defendants respectfully request 16- and 14-day extensions of time from the current deadlines of August 12 and 14, 2020, to respond to Plaintiff's Motions to Compel. As noted previously, Plaintiff has propounded multiple sets of discovery to the fourteen Defendants

1

totaling no less than 96 interrogatories, 972 requests for admission, and 103 requests for production of documents.  On July 7, 2020, Plaintiff and the undersigned had a conference call regarding the requests for production of documents at issue in Plaintiff's Motions to Compel.  During the call, the undersigned told Plaintiff he believed he would be able to provide a status and/or supplement by July 24, 2020.  However, on Sunday, July 19, 2020, the undersigned received notice from the Office of Attorney General regarding a possible exposure to COVID-19, and was notified not to return to the Office until after receiving a negative test result.  On July 28, 2020, the undersigned received a (negative) test result, and was cleared to return to the office.  On July 28, 2020, the undersigned sent a letter to Plaintiff indicating that he was unable to update Plaintiff by July 24th but that he would do so when he could. (Exhibit A.)  Apparently, the letter to Plaintiff crossed in the ethers with Plaintiff's Motions to Compel, which were filed on July 29 and 31, 2020.

In light of the COVID-19 related administrative procedural complications within the State of Nevada, and at the Office of the Attorney General (OAG), good cause exists for Defendants' request for an extension.[1]

## II. DISCUSSION

Federal Rule of Civil Procedure 6(b)(1) governs extensions of time and provides as follows:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).  Additionally, "The district court is given broad discretion in supervising the pretrial phase of litigation…." *Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted).  *See also, Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir.2003) (noting the district court's broad discretion in discovery matters).

In this case, Defendants asserts that the requisite good cause is present to warrant the requested extension of time. In addition to the Motions to Compel, Plaintiff has propounded

---

[1] Defendants are not waiving the right to seek a protective order if necessary.

1,171 discrete discovery requests to multiple defendants responding in various capacities. In addition to the sheer number of discrete requests to the Defendants, Defendants make the instant request in light of the ongoing productivity obstacles related to COVID-19, including Nevada Governor Sisolak's many emergency declarations, beginning on March 15, 2020, and then the March 31, 2020 Declaration of Emergency (Directive 010) – 'Stay at Home Order' -- and the Governor's subsequent extensions and additional directives and clarifications. In response to COVID-19 and the Governor's Directives, the OAG has directed all OAG employees to comply with the Governor's orders, limit in-office work and stay at home while and until the OAG implements and transitions to alternate, home-based working arrangements or the COVID-19 restrictions are lifted. Currently, the OAG is restricting the in-office attendance of employees to 25% of capacity for all staff. In addition to the OAG office restrictions, the undersigned was unable to be in-office, where physical document access and review is possible, at any time from July 20 through July 28.

In light of the administrative directives, and due to the difficulties the instant circumstances place on obtaining and reviewing the necessary supporting documents, and difficulty corresponding between the OAG and Defendants, Defendants respectfully request that the Court extend the deadlines to respond to the Motions to Compel until August 28, 2020. Defendants' request will not hinder or prejudice Plaintiff's case. Close of discovery is currently set for October 5, 2020 (ECF No 53). The requested extension of time will not change the scheduling order and should permit sufficient time to overcome the administrative and procedural obstacles created by the response to COVID-19, and to evaluate responses to the substance of Plaintiff's requests, possibly eliminating or at least reducing the need for the Motions to Compel.

Finally, the OAG and Plaintiff have productively conferred in prior discovery issues, *see, e.g.,* ECF No. 53. While the OAG has not conferred with Plaintiff regarding his Motions to Compel, the OAG remains hopeful that future conferences will nevertheless be productive, and minimize the need for Court intervention.

///

### III. CONCLUSION

For the above reasons, Defendants respectfully requests extensions until August 28, 2020, to permit sufficient time for Defendants to respond to Plaintiff's Motions to Compel, as set forth below:

<u>Proposed Schedule for Responding to Plaintiff's Motions To Compel</u>

Proposed Deadline for the currently outstanding Motions to Compel:   August 28, 2020.

DATED this 12th day of August 2020.

                              AARON D. FORD
                              Attorney General

                              By:   /s/ Peter E. Dunkley
                                      PETER E. DUNKLEY, Bar No. 11110
                                      Deputy Attorney General

                              *Attorneys for Defendants*

IT IS SO ORDERED:

_____
**U.S. MAGISTRATE JUDGE**
DATED: August 13, 2020

4

**CERTIFICATE OF SERVICE**

1. I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 12th day of August, 2020, I caused a copy of the foregoing, **DEFENDANTS' MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTIONS TO COMPEL (First Request)**, to be served, by U.S. District Court CM/ECF Electronic Filing on the following:

Brian Kamedula #24627
Care of LCC Law Librarian
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419
lcclawlibrary@doc.nv.gov

/s/ 
An employee of the
Office of the Attorney General

# EXHIBIT A

Letter dated July 28, 2020

EXHIBIT A



AARON D. FORD
*Attorney General*

KYLE E.N. GEORGE
*First Assistant Attorney General*

CHRISTINE JONES BRADY
*Second Assistant Attorney General*

JESSICA L. ADAIR
*Chief of Staff*

RACHEL J. ANDERSON
*General Counsel*

HEIDI PARRY STERN
*Solicitor General*

STATE OF NEVADA
OFFICE OF THE ATTORNEY GENERAL
100 North Carson Street
Carson City, Nevada 89701

July 28, 2020

Brian Kamedula #24627
Lovelock Correctional Center
1200 Prison Road
Lovelock, NV 89419

**RE: Brian Kamedula vs. Ian Carr, et al. / Case No. 3:18-cv-00544-MMD-CLB
Discovery Review**

Dear Mr. Kamedula:

Due to increased restrictions related to COVID-19, I have been unable to review the discovery we discussed during our telephone call. I anticipate being able to do so next week and will update you when I am able.

Sincerely,

PETER E. DUNKLEY
DEPUTY ATTORNEY GENERAL

PED:ctc

Telephone: 775-684-1100 • Fax: 775-684-1108 • Web: ag.nv.gov • E-mail: aginfo@ag.nv.gov
Twitter: @NevadaAG • Facebook: /NVAttorneyGeneral • YouTube: /NevadaAG